*Jiang v. Lynch*

BIA
Vomacka, IJ
A087 651 018

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
       GUIDO CALABRESI,
       BARRINGTON D. PARKER,
       GERARD E. LYNCH,
            *Circuit Judges.*

_____

JING PENG JIANG,
       *Petitioner,*

       v.                                    14-1102
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:        Zhen Liang Li, New York, NY.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; Terri J. Scadron,
                       Assistant Director; Aaron D. Nelson,
                       Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Jing Peng Jiang, a native and citizen of China, seeks review of a March 21, 2014 decision of the BIA affirming a September 23, 2011 decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Peng Jiang,* No. A087 651 018 (B.I.A. Mar. 21, 2014), *aff'g* No. A087 651 018 (Immig. Ct. N.Y. City Sept. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA (i.e., minus the IJ's adverse credibility determination). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

An asylum applicant's testimony "may be sufficient" to sustain his burden of proof if it is credible and persuasive. 8 U.S.C. § 1158(b)(1)(B)(ii). "Where the trier of fact," however, "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* When denying an asylum application for failure to corroborate, the IJ must identify the corroborating evidence that the applicant should have presented, and explain why such evidence would be reasonably available. *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). Ultimately, an applicant for asylum or withholding of removal bears the burden of proving that she is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A) and is therefore eligible for asylum. 8 U.S.C. § 1158(b)(1)(B)(i).

In this case, the IJ first determined that Jiang was not credible. Because of that determination, the IJ ruled that Jiang would need to present "the best corroborating evidence," and the "most corroborating evidence possible." As corroboration, Jiang presented photos of himself participating in Falung Gong activities, letters written on his behalf from

friends and family members, and the live testimony of a friend in the United States. The IJ did not discount this evidence entirely, but did give it limited weight. After considering *both* the "problems with [Jiang's] credibility" and the limited weight given to the corroborating evidence, the IJ concluded that, "in total," Jiang had failed to meet his burden of proof.

On appeal, the BIA did not reach the credibility issue, and affirmed solely on the ground that Jiang "did not satisfy his burden to adequately corroborate his claim." This was error. The IJ's credibility and corroboration rulings were not separate and independent grounds for dismissing Jiang's claims. Instead, the IJ made clear that the adequacy of Jiang's corroboration was dependent on the credibility, or lack thereof, of his testimony. The "best" and "most" corroboration was demanded precisely *because* the IJ considered Jiang incredible. Moreover, the IJ's ultimate conclusion that Jiang had failed to meet his burden was made "in total"—i.e., based on an assessment of both Jiang's credibility and the strength of his corroborating evidence. As such, it is impossible to assess what impact Jiang's corroborating evidence would have had if the IJ had found him credible. Even had Jiang been found

credible, the IJ might nevertheless have required him to present *some*—but perhaps not the "best" or "most"—corroborating evidence to support his testimony.  Or the IJ might have found Jiang's testimony sufficient, absent any corroborating evidence at all.  Accordingly, the BIA should have addressed the IJ's adverse credibility ruling before assessing the corroborating evidence.  *Cf. Diallo v. I.N.S.*, 232 F.3d 279, 287 (2d Cir. 2000)(BIA's failure to make credibility assessment "frustrates appellate review" and denies asylum-seekers the potential benefit of establishing their claims with credible testimony alone). We therefore remand to the BIA so that it may either (a) affirm the IJ's credibility determination, or (b) remand the case to the IJ for a decision on whether Jiang's corroborating evidence would have sufficed on the assumption that he testified credibly.

For the foregoing reasons, the petition for review is GRANTED, we VACATE the BIA's order, and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5